

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SOFTWARE UNLIMITED, INC.; THOMAS N. CHAPLIN; KATHY T. COUGHLIN; PAMELA J. DERHEIM; and SUI EMPLOYEE STOCK OWNERSHIP TRUST, | CIV. 05-4067 |
| Plaintiffs, | OPINION AND ORDER |
| vs. | |
| SYBEN HOLDINGS, INC.; and KENNETH R. FLANNERY, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is the Order (Doc. 23) compelling defendants to show cause why sanctions, including attorney fees, tax and costs should not be imposed against the defendants and in favor of plaintiffs for failure to comply with the Court's Order (Doc. 19) dated December 13, 2005, and to show, as a sanction, why it should not be deemed established that the defendant Syben Holdings, Inc., was inadequately capitalized. A hearing was held on July 13, 2006, at which counsel for the parties were present and made argument. No evidence was introduced.

## BACKGROUND

This case was filed on May 18, 2005. On October 31, 2005, Plaintiffs filed a Motion to Compel Discovery (Doc. 11). Counsel for defendants filed no response to the motion. The motion to compel was granted as unopposed on December 13, 2005 (Doc. 19).

On May 15, 2006, Plaintiffs filed a Motion for Sanctions for failure to comply with the Order of December 13, 2005 (Doc. 21). Counsel for defendants filed no response to the motion. An Order to Show Cause was issued and a hearing scheduled for July 13, 2006 (Doc. 23).

## DISCUSSION

Counsel for Syben and Kenneth Flannery accepted complete responsibility for the failure to comply with the Order (Doc. 19) which granted plaintiffs' motion to compel discovery and directed defendants to respond to Interrogatory 10. Defendants' counsel exonerated defendants Syben and Flannery from all responsibility for the failure to comply. Counsel represented the failure to comply with the Order was the result of his negligence, not a willful act of his clients. Counsel agreed it would be appropriate to award attorney fees to plaintiffs as a result of the failure to comply with the Order. Counsel resisted the sanction of deeming it factually established that Syben was undercapitalized for purposes of piercing the corporate veil.

Counsel for plaintiffs argued in favor of deeming it established that Syben was inadequately capitalized, citing Federal Rule of Civil Procedure 37(b)(2)(A) and <u>Keefer v. Provident Life and Accident Ins. Co.</u>, 238 F.3d 937 (8th Cir. 2001).

Trial to the court without a jury is scheduled to commence August 1, 2006. Plaintiffs have not moved for a postponement of the trial or other relief as a result of any prejudice suffered from defendants' failure to comply with the Order granting plaintiffs' motion to compel. Plaintiffs represented that their claim against the corporation could be proven without the information addressed by Interrogatory 10, but that the information is important to prove the corporate veil should be pierced. Plaintiffs agreed that the existence, or degree, of prejudice suffered as a result of defendants failure to comply with the Order will not be known until plaintiffs receive and review the information. Defendants represented the information addressed by Interrogatory 10 will be produced not later than Friday, July 21 (only six working days before trial and more than seven months after the court ordered the information produced). Plaintiffs identified as prejudice the absence of the answers to Interrogatory 10 when the deposition of Kenneth Flannery was taken on November 22, 2005 (Doc. 18).

Keefer establishes that while sanctions are authorized against parties, the sanction of dismissal may be considered only if there is an order compelling discovery, a willful violation of that order, and prejudice to the other party. Id. at 940. The decision to dismiss as a sanction is more closely scrutinized on appeal because "the opportunity to be heard is a litigant's most precious right and should be sparingly denied." Id. at 940-941. The sanction to be imposed should be just and specifically related to the claim at issue. Id. at 941. Before imposing dismissal as a sanction, other lesser sanctions should be considered for if available and appropriate. Id. The less onerous sanction need not be chosen. Id.

In this case, there is an Order which was violated. The violation, however, was not willful. There are other appropriate sanctions and other appropriate remedies which can specifically address the potential prejudice rather than depriving defendants of their precious right to be heard on the issue of piercing the corporate veil.

Plaintiffs are entitled to be awarded their attorney fees in connection with making the motion for sanctions for the failure of defendants' counsel to comply with the Order compelling discovery. The prejudice to plaintiffs from the late production of the information, in the event any appears, can be cured by granting plaintiffs extra time for discovery or preparation addressing the issue of piercing the corporate veil. The court trial can be recessed or bifurcated, if necessary. Counsel for the defendants represented that defendants do not object to postponement of the trial, or recess during the trial, to minimize or cure prejudice already suffered as a result of defendants' late compliance with the discovery Order, or potential prejudice which might be discovered in the future after the discovery information is reviewed by plaintiffs.

## **ORDER**

Accordingly,

It is ORDERED, that plaintiffs' Motion for Sanctions (Doc. 21) is GRANTED. Pursuant to Federal Rule of Civil Procedure 37(b)(2), Chad Swenson, counsel for Defendants Syben Holdings, Inc., Kenneth Flannery, and Syben Holdings, Inc. and Kenneth Flannery shall pay to the plaintiffs as sanctions the reasonable attorney's fees incurred by plaintiffs in connection with the Motion for Sanctions (Doc, 21) in the amount of $1,008.00, not later than August 15, 2006.

It is FURTHER ORDERED that plaintiffs' motion to deem it established that defendant Syben is inadequately capitalized for purposes of piercing the corporate veil is DENIED.

Dated this 24th day of July, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

By Sharon Louro, Deputy