Software Unlimited, Inc. et al v. Syben Holdings, Inc. et al                                                                    Doc. 39

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
**NOV 06 2006**



```
******************************************************************
                                    *
SOFTWARE UNLIMITED, INC; THOMAS N.  *    CIV 05-4067
CHAPLIN; KATHY T. COUGHLIN; PAMELA J. *
DERHEIM; and SUI EMPLOYEE STOCK     *
OWNERSHIP TRUST,                    *
                                    *
              Plaintiffs,           *    MEMORANDUM OPINION
     -vs-                           *         AND ORDER
                                    *
SYBEN HOLDINGS, INC. and            *
KENNETH R. FLANNERY,                *
                                    *
              Defendants.           *
                                    *
******************************************************************
```

Plaintiffs Software Unlimited, Inc., Thomas N. Chaplin, Kathy T. Coughlin, Pamela J. Derheim, and SUI Employee Stock Ownership Trust ("Plaintiffs"), have filed a motion to vacate the Order dismissing this action and for a judgment enforcing a settlement agreement.[1] (Doc. 36.) For the following reasons, the settlement agreement will be enforced.

## BACKGROUND

The following facts were drawn from the Affidavit of Plaintiffs' Attorney and the draft Settlement Agreement attached to the affidavit. (Doc. 38.) Defendant Syben Holdings, Inc. ("Syben") entered into a Stock Purchase Agreement and associated documents with Plaintiffs to purchase the stock of Plaintiff Software Unlimited, Inc. ("Software") that was to close no later than December 31, 2004. The purchase price for the sale was $3,888,000. Syben failed to timely close on the Stock Purchase Agreement. Plaintiffs then commenced this litigation to collect damages they claimed arose out of their preparation to close on the scheduled sale upon which the Defendants

---

[1] Plaintiffs also requested the sum of $1,008.00 for the sanctions imposed by Magistrate Judge John R. Simko based on Defendants' failure to comply with an earlier Order granting Plaintiffs' motion to compel discovery. Subsequently, counsel for Defendant advised the Court that he paid the sanctions to Plaintiffs.

defaulted. Plaintiffs claimed that Defendant Flannery was individually liable under the Stock Purchase Agreement because Syben was not properly capitalized at the time of the sale. Defendants answered the litigation, denying liability and counterclaiming against Plaintiffs, alleging claims and shortcomings in connection with the transactions.

By letter dated July 21, 2006, counsel for Defendants offered to pay the sum of $25,000 to Plaintiffs as full and final settlement of this action. Although Defendants' counsel indicated that his clients were "in receivership," he stated that he had authority to make the settlement offer on behalf of Defendants. A copy of the letter is attached to the Affidavit of Plaintiffs' Attorney as Exhibit A.

On July 25, 2006, Plaintiffs, by their counsel, Peter J. Horner, hand delivered a letter accepting Defendants' offer to pay $25,000 in settlement of the action. A copy of the acceptance letter is attached as Exhibit B to the Affidavit of Plaintiffs' Attorney. Upon the agreement of counsel for Defendants, on the afternoon of July 25, 2006, Plaintiffs' lawyer called the Court and advised of the settlement. On July 27, 2006, Plaintiffs' lawyer prepared and hand delivered to Defendants' counsel the proposed Settlement Agreement and Warrant of Attorney to Enter Judgment by Confession, along with a transmittal letter. Defendants never returned the proposed Settlement Agreement to Plaintiffs. Also on July 27, 2006, the Court issued an Order dismissing the case but allowing any party, for good cause shown, to move to vacate the Order of dismissal and reopen the action if the parties did not consummate settlement.

On August 4, 2006, counsel for Plaintiffs sent a letter to Chad Swenson, Defendants' counsel, reminding him and Defendants of the settlement. A copy of the letter is attached to the Affidavit of Plaintiffs' Attorney as Exhibit D. Defendants have failed to pay the $25,000 to Plaintiffs. According to Plaintiffs' lawyer, Defendants' counsel has not communicated in any with Plaintiffs regarding the settlement agreement or Plaintiffs efforts to enforce that agreement. Defendants have not objected to the motion to enforce the settlement or otherwise communicated with the Court regarding settlement.

## DISCUSSION

The Court has inherent power to enforce a settlement agreement when the terms are unambiguous. *Barry v. Barry*, 172 F.3d 1011, 1013 (8th Cir. 1999) (affirming district court's enforcement of settlement agreement which was reached during mediation and orally recounted and discussed on the record by magistrate judge). In the present case, Defendants unambiguously agreed to pay $25,000 "as a full and final settlement of this dispute." (Doc. 38, Exhibit A.) Plaintiffs unambiguously agreed to accept payment of $25,000 "as full and final settlement of this action." (Doc. 38, Exhibit B.) The Court "has considerable discretion in determining the procedure appropriate to a motion to compel settlement," and a hearing is not necessary unless there are substantial questions of fact that are not part of the record. *Id.* The Court is unaware of any questions of fact that are not part of the record. Thus, a hearing is not necessary to resolve this issue.

A settlement agreement is enforceable when an attorney has been given express authority to enter into it. *Harris v. Arkansas State Highway and Transportation Department*, 437 F.3d 749, 751 (8th Cir. 2006). Express authority "can be created by written or spoken words or the conduct of the principal which, reasonably interpreted, causes an agent to believe that the principal desires him [or her] to act in a particular manner on the principal's account." *Id.* (citations omitted). In the written offer to settle this case for $25,000 made in the letter from Defendants' counsel to Plaintiffs' counsel, counsel for Defendant states that he has authority from his clients to make the offer. Defendants have not denied that their lawyer was authorized to make the $25,000 settlement offer. The Court finds that Defendants' lawyer had express authority to enter into the settlement agreement on behalf of his clients. Accordingly,

IT IS ORDERED:

1. That Plaintiffs' motion to vacate the Order dismissing this action and for a judgment enforcing the settlement agreement, doc. 36, is granted.

2. That the Order of Dismissal, doc. 34, is vacated.

3. That Defendants shall pay $25,000 to Plaintiffs upon receipt of this Order and a release of Plaintiffs' claims.

4. That Plaintiffs shall notify the Court when it receives the $25,000 payment from Defendants.

Dated this 6th day of November, 2006.

BY THE COURT:

*/s/ Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*
        DEPUTY